UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON A. McGEE,<br><br>           Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>           Defendants. | No. 2:24-cv-00012-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Jefferson A. McGee's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO"). (ECF No. 3.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed the Complaint and instant motion for TRO on January 2, 2024. (ECF Nos. 1, 3.) At the outset, Plaintiff's 141-page Complaint lacks clarity. Plaintiff broadly alleges Defendants engaged in a "racially motivated conspiracy" in violation of various state and federal laws. (ECF No. 1 at 8.) More specifically, Plaintiff alleges Defendants "conspired to deprive [him] and other African Americans of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Little League Baseball, Inc., Airport Little League Baseball, Inc., and [a] sports arena owned by the City." (*Id.*) Plaintiff also alleges Defendants prevented him from using City property and intimidated and retaliated against him in October 2021 because he had filed prior actions against the City in 2010 and 2014. (*Id.*) Plaintiff then alleges Defendants sent him letters in October, November, and December 2023 demanding he pay the County $7,517 to punish him for filing the prior actions. (*Id.* at 8–9.) Plaintiff alleges he "is frightened" and "it is hard for [him] to concentrate on his work because [he] does not know what [Defendants] will do to collect the $7,517." (*Id.* at 9.) Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 138–149.)

Like the Complaint, the instant motion for a TRO also lacks clarity. Plaintiff requests the Court enjoin Defendants from taking the following actions: (1) intimidating and retaliating against him; (2) searching, detaining, or harassing him; (3) withholding and interfering with his real and personal property; (4) refusing to enter judgments in his favor; (5) maintaining false criminal records on him; (6) interfering with Plaintiff's liquor license for his business; (7) withholding Plaintiff's handgun; (8) using government entities and public monies to break the laws of the United States; (9) implementing a general policy and conspiracy to discriminate against African Americans; and (10) that Little League Baseball, Inc. be enjoined from holding any games, tournaments, practices, or conditioning sessions. (ECF No. 3 at 2–3.)

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  E.D. Cal. L.R.  231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emp.'s Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted).  In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).  A preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

1  Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may
2  weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A
3  stronger showing on the balance of the hardships may support issuing a preliminary injunction
4  even where the plaintiff shows that there are "serious questions on the merits . . . so long as the
5  plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the
6  public interest."  *Id.*  Simply put, the plaintiff must demonstrate, "that [if] serious questions going
7  to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's
8  favor," in order to succeed in a request for preliminary injunction.  *Id.* at 1134–35.

9  **III.   ANALYSIS**

10  Plaintiff fails to persuade the Court that he is entitled to a TRO for two related reasons.
11  First, Plaintiff fails to demonstrate that irreparable harm will occur in the absence of injunctive
12  relief.  As to irreparable harm, Plaintiff argues Defendants sent him letters in October, November,
13  and December 2023, demanding payment of $7,517.  (ECF No. 3 at 24.)  Plaintiff argues these
14  letters "punished Plaintiff by intimidating and retaliat[ing] against him."  (*Id.*)  Plaintiff also
15  argues the State of California has refused and neglected to arrest individuals that Plaintiff
16  previously alleged committed crimes against him.  (*Id.* at 25.)  Plaintiff then vaguely argues that if
17  Defendants are not restrained, he will continue to suffer irreparable injury.  (*Id.* at 25–26.)  The
18  Court concludes Plaintiff's conclusory and disjointed arguments are insufficient to establish that
19  he is likely to suffer imminent, irreparable harm in the absence of injunctive relief.  *See Alliance*,
20  632 F.3d at 1131 ("Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just
21  possible, in order to obtain a preliminary injunction.").

22  Second, Plaintiff's delay in seeking emergency relief weighs against a finding of
23  imminent, irreparable harm.  The Court notes Plaintiff filed a similar action in this district in
24  2021, which was dismissed for failure to state a claim in May 2023.  (*See* 2:21-cv-01654-DAD-
25  DB.)  As in the previous action, Plaintiff's Complaint in the instant case references events that
26  occurred in 2021.  (ECF No. 1 at 8.)  Even considering Plaintiff's more recent allegations,
27  Plaintiff references events that occurred as early as October 1, 2023.  (ECF No. 1 at 8; ECF No. 3
28  at 24.)  Plaintiff's unexplained delay in seeking relief warrants outright denial of his motion for

TRO.  *See* E.D. Cal. L.R. 231(b) (In considering a motion for TRO, the Court "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief" and may deny the motion if "the applicant unduly delayed in seeking injunctive relief.").

Because Plaintiff fails to demonstrate imminent, irreparable harm, the Court need not and does not address the remaining *Winter* factors herein.  *See MD Helicopters, Inc. v. Aerometals, Inc.*, No. 2:16-cv-02249-TLN-AC, 2018 WL 489102, at *2 (E.D. Cal. Jan. 19, 2018).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for a TRO.  (ECF No. 3.)

IT IS SO ORDERED.

Date:  January 4, 2024

Troy L. Nunley
United States District Judge