UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON A. McGEE,<br><br>              Plaintiff,<br><br>       v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>              Defendants. | No.  2:24-cv-00012 TLN AC PS<br><br>ORDER TO SHOW CAUSE<br>WHY PLAINTIFF SHOULD NOT BE<br>DECLARED A VEXATIOUS LITIGANT |

Plaintiff is proceeding in this action in pro se and paid the filing fee, and the case is accordingly referred to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21).  Defendant City of Sacramento has moved for an order declaring plaintiff a vexatious litigant.  ECF No. 98.  Finding that plaintiff has an extensive history of frivolous and repetitive litigation in this district, the undersigned hereby orders plaintiff to show cause as to why he should not be declared a vexatious litigant and subjected to pre-filing conditions, which will be made applicable to this case and each of plaintiff's future lawsuits.  All other action in this case is temporarily STAYED pending the determination of plaintiff's vexatious litigant status.  Plaintiff has 30 days to respond to this order to show cause.

///

///

////

I. **Overview**

On January 2, 2024, plaintiff filed the complaint in this action and paid the filing fee. ECF No. 1. As set forth more fully below, plaintiff Jefferson A. McGee is a serial litigant who has received several warnings from judges of this court regarding the potential consequences of bringing frivolous and repetitive lawsuits. The resource burden imposed by plaintiff's litigation history is not adequately captured by the number of frivolous actions he has filed, but also arises from their sweeping scope. For example, in this case plaintiff has named 167 private and public defendants who have each been required to respond the complaint. There are currently 27 motions pending in this case, 26 of which have been brought by defendants. Considering Mr. McGee's litigation history, which is detailed below, he shall be required to show cause why the court should not deem him a vexatious litigant and impose pre-filing conditions upon him before he may proceed with this case or file any other lawsuits in this district.

II. **Legal Standard**

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. Before entering a pre-filing order, the court must: (1) give the litigant notice and a chance to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (4) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered." Molski, 500 F.3d at 1057.

The first and second factors "are procedural considerations"; the third and fourth factors "are substantive considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors,

the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058). They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

III. **Analysis**

For the reasons that follow, the undersigned tentatively concludes that Mr. McGee's litigation history demonstrates a pattern of frivolous, repetitive, and harassing complaints that calls for him to be deemed a vexatious litigant. See De Long, 912 F.2d at 1146.

A. <u>Notice and Opportunity to Be Heard</u>

The first <u>Molski</u> factor, ensuring procedural due process, is satisfied where the court notifies the litigant that it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. <u>Ringgold-Lockhart</u>, 761 F.3d at 1063. This Order to Show Cause provides notice to Mr. McGee that the court is considering deeming him a vexatious litigant, and is considering entering a comprehensive pre-filing order that would apply to all future lawsuits. A full description of this potential pre-filing order can be found in Section D below. Mr. McGee is being provided the opportunity to explain in writing why he should not be declared a vexatious litigant, and to state any objections he has to the contemplated terms of a pre-filing order. Plaintiff's response to this Order to Show Cause should be submitted to the court no later than 30 days from the date of this Order.

B. <u>Adequate Record for Review</u>

Turning to the second <u>Molski</u> factor, the undersigned has reviewed the dockets related to plaintiff's previous lawsuits in this court and lists those cases below. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." <u>De Long</u>, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. <u>Ringgold-Lockhart</u>, 761 F.3d at 1063.

Plaintiff has filed at least 15 cases in this district, including the instant case. All previous cases have been unsuccessful, and most of them involved large numbers of defendants and repeatedly-rejected allegations of vast conspiracies against plaintiff to violate his civil rights. Plaintiff's previous cases in this court, of which the undersigned takes judicial notice, are:

- <u>McGee v. Craig, et al.</u>, 2:98-cv-1026 GEB DAD ("<u>McGee I</u>") (188-page complaint naming 200 defendants);
- <u>People of the State of California v. McGee</u>, 2:98-mc-0321 DFK PAN ("<u>McGee II</u>") (purported removal action, summarily remanded to state court);

4

- McGee v. Davis, 2:01-mc-00179 LKK PAN ("McGee III") (238-page complaint against 88 named defendants and 108 Doe defendants, summarily dismissed);
- McGee v. People of the State, et al., 2:04-cv-00283 GEB KJM ("McGee IV") (purported removal of a state criminal prosecution; summarily remanded);
- McGee v. Schwarzenegger, et al., 2:04-cv-2598 LKK DAD ("McGee V") (complaint against multiple state and local elected officials and government entities; dismissed on defendants' motions);
- McGee v. MMDD Sacramento Project, et al., 2:05-cv-00339 WBS DAD ("McGee VI") (purported removal of unlawful detainer action related to commercial property; remanded);
- McGee v. State Senate, 2:05-cv-02632 GEB EFB ("McGee VII") (complaint naming 40 government entities and elected officials; dismissed under Rules 8 and 12(b)(6));
- McGee v. Seagraves et al., 2:06-cv-00495 MCE GGH ("McGee VIII") (purportedly removed unlawful detainer action; remanded);
- McGee v. State of California, 2:09-cv-00740 GEB EFB ("McGee IX") (lawsuit against dozens of public entities and officials; dismissed);
- McGee v. Attorney General State of California, et al., 2:10-cv-00137 KJM ("McGee X") (petition for writ of habeas corpus; summarily dismissed for lack of jurisdiction; appeal dismissed by Ninth Circuit as frivolous);
- McGee v. Attorney General State of California, et al., 2:11-cv-02554 CMK ("McGee XI") (petition for writ of habeas corpus; summarily dismissed for lack of jurisdiction);
- McGee v. State of California, et al., 2:14-cv-00823 JAM KJN ("McGee XII") (complaint naming 69 defendants, including multiple government entities, elected officials, and youth baseball organizations; dismissed);
- McGee v. State of California, et al., 2:16-cv-01796 JAM EFB ("McGee XIII") (dismissed on defendants' motion; appeal dismissed by Ninth Circuit as frivolous);
- McGee v. Airport Little League Baseball, Inc., et al., 2:21-cv-01654 DAD DB ("McGee XIV") (dismissed on defendants' motions).

The court is unaware of any case in which McGee has presented a successful claim. Nonetheless, because of plaintiff's habit of naming so many defendants, many of the cases have generated significant filings in the form of various defense motions, such as meritorious motions to dismiss and motions for a more definite statement. Plaintiff also typically brings numerous motions for preliminary or miscellaneous relief, which are consistently denied. In the present case, there are already 194 docket entries, including 27 pending motions. ECF Nos. 33, 52, 54, 55, 57, 59, 61, 65, 67, 68, 71, 83, 84, 87, 90, 92, 95, 98, 104, 106, 107, 108, 116, 148, 173, 175, 180. This volume of motion practice substantially enhances the burdens imposed by plaintiff's filings, as now discussed in greater detail.

### C. The Frivolous or Harassing Nature of Mr. McGee's Litigation

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this prong, which requires the court to consider the litigant's history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir, 792 F.2d at 24). For the reasons now explained, the weight of these considerations supports a substantive finding that Mr. McGee has engaged in frivolous and harassing behavior by filing the lawsuits listed above.

*(1) Mr. McGee's history of vexatious, harassing lawsuits.*

Mr. McGee's filings, enumerated above, have been both numerous and meritless. The reasons for the dismissal of McGee's previous lawsuits show that his complaints are routinely either repetitive, frivolous, harassing, or all of the above. In his first case, McGee v. Craig, the court summarized the suit as follows: "In a 188-page complaint filed June 3, 1998, plaintiffs complain that more than 200 defendants, including the Governor of the State of California, the State Attorney General, the Sacramento District Attorney, a newspaper, a school district, little league baseball, and officers of state and local agencies, among others, conspired to deny plaintiffs' civil rights." McGee I at ECF No. 216. That case was litigated to conclusion, and

plaintiff's overarching conspiracy claims were dismissed. McGee I at ECF Nos. 182-185.[1] Despite the fact that McGee I was litigated to conclusion and resulted in an adverse judgment with preclusive effect, Mr. McGee continued to file lawsuits against large numbers of defendants, many of whom appeared over and over again, based upon the same broad race discrimination conspiracy claims.

Between McGee I and the case at bar, plaintiff has filed at least six lawsuits alleging vast racists conspiracies among large swaths of the private and public sectors. See McGee III, McGee VII, McGee IX, McGee XII, McGee XIII, McGee XIV. The claims and defendants in these cases were substantively the same, as often expressly acknowledged by plaintiff himself. For example, in McGee XII, plaintiff sued a large number of defendants including the Governor of the State of California, the State Attorney General, the Sacramento City Council, multiple little league baseball organizations, the Doubletree Hotel, a property management company, and multiple law firms. McGee XII at ECF No. 1. The complaint stated that "All wrongs complained of in this compliant were committed against plaintiff pursuant to defendant's policy of 'Discriminating Against African American in Law Enforcement Programs and Activities,' (the Policy) and for the purpose of implementing, maintaining, promulgating, and executing the Policy." Id. at 7. Mr. McGee wrote that his case was part of an ongoing discrimination conspiracy that had been in process since December 15, 1993, and he cited his own lawsuits going back to McGee I. Id. at 8-55.

McGee XII was before Magistrate Judge Kendall J. Newman, who summarized the case by stating that the "claims are apparently based on numerous different incidents that allegedly took place from approximately 1993-2014, including, but not limited to, exclusion from

---

[1] Plaintiff's claims against the vast majority of defendants, and all conspiracy claims, were dismissed pre-trial. See McGee I, ECF No. 217 (recommendation of magistrate judge for entry of judgment in favor of defendants who had previously succeeded on motions to dismiss). The case proceeded to trial against five officers from the Sacramento County Sherriff's Department on claims arising from a limited set of facts. See id. at ECF No. 430. All claims against all defendants were dismissed during trial on defendants' motions for judgment as a matter of law under Fed. R. Civ. P. 50. Id. at ECF Nos. 488, 490, 492. None of plaintiff's subsequent lawsuits have progressed past the pleading stage.

participation in the affairs of Florin Little League Baseball, various hostile encounters with different city and county law enforcement agencies, plaintiff's eviction from multiple properties through unlawful detainer actions, certain debt collection activities undertaken against plaintiff, the prosecution of criminal actions against plaintiff, interference with plaintiff's businesses and liquor licenses for those businesses, an incident of racial discrimination at a hotel, and failure to protect plaintiff from a hostile neighbor." ECF No. 17 at 4.  Judge Newman went on to recommend dismissal of most of the defendants for improper joinder, finding that although "plaintiff asserts in conclusory fashion that all defendants acted as part of a vast racially motivated conspiracy, the above-mentioned incidents in plaintiff's complaint actually implicate different groups of defendants (from different governmental and private entities), and involve different events, different types of acts, different times, and different subject matter.  As such, plaintiff has improperly joined defendants in this action." Id. at 6.  Judge Newman then sua sponte recommended dismissal of the remainder of plaintiff's complaint on the grounds of claim preclusion and res judicata.  When discussing the claims against little league baseball, Judge Newman noted that plaintiff's complaint expressly referenced McGee I and found that "the claims in both the 1998 action and the present action (as narrowed) arise from the same transactional nucleus of facts concerning plaintiff's exclusion from participation in the affairs of" little league baseball.  ECF No. 17 at 8.

Judge Newman issued a clear warning to Mr. McGee about the potential consequences of repeatedly filing vexatious and frivolous lawsuits.  First, he wrote that "[a] review of the court's dockets indicates that plaintiff has filed over ten complaints, including several complaints alleging the same conspiracy to violate his civil rights against several of the same defendants." McGee IX at ECF No. 17 at 6.  Judge Newman then warned plaintiff as follows: *"Plaintiff is cautioned that any future assertion of claims barred by principles of claim preclusion and res judicata, or claims barred by the applicable statute of limitations, may result in the imposition of Rule 11 sanctions, the declaration of plaintiff as a vexatious litigant, and/or the imposition of any other appropriate sanctions*."  Id. at 9 (emphasis in original).

Similar warnings were issued in multiple later cases.  In McGee XII, the court wrote,

8

"Plaintiff is cautioned that any future assertion of claims barred by principles of claim preclusion and res judicata, or claims barred by the applicable statute of limitations, may result in the imposition of Rule 11 sanctions, the declaration of plaintiff as a vexatious litigant, and/or the imposition of any other appropriate sanctions." McGee XII at ECF No. 17 at 9. In McGee XIII, it was noted that "The instant case is one of many actions plaintiff has filed in this district, the vast majority of which have been dismissed for failure to state a claim . . . These cases demonstrate a history of plaintiff filing complaints that assert vague and general allegations of discrimination without specific facts that could entitle him to relief on any particular cause of action." McGee XIII at ECF No. 59 at 8.

Now before the court is McGee XV. The case is reminiscent of the cases which preceded it. Plaintiff sues the Governor of the State of California, the State Attorney General, the City of Sacramento, the Sacramento District Attorney, a newspaper editor, a school district, little league baseball organizations, the Doubletree Hotel, and numerous officers of state and local agencies, among others. ECF No. 28 at 1-4. Plaintiff alleges that "From December 1993 until the present [the Elk Grove Unified School District] and each Defendant listed in the Complaint have been engaged in a fast racially motivated conspiracy to deprive Plaintiff and others their rights secured by the Fourteenth Amendment of the United States Constitution . . . on the grounds of their race and color and solely on account they are African American (the racially motivated conspiracy)[.]" Id. at 7.[2] The Amended Complaint specifically acknowledges that the case before the court today is part of a series of repetitive lawsuits. Under the heading "History of the Conspiracy" plaintiff writes, "Plaintiff has frequented this court on numerous occasions with his *pro se* litigation. A review of the court's dockets indicates that plaintiff has filed over ten

---

[2] The court notes that as part of the case at bar, plaintiff alleges that defendants continue to discriminate against him and that the County of Sacramento is retaliating against him for trying to collect $7,517 to "punish Plaintiff for taking action and participating in the action entitled McGee v. Wilson case no. Civ-S-98-1026-FCD-PAN-PS." Id. at 8-9. In the action to which plaintiff refers, McGee I, plaintiff asserted a similar vast conspiracy to discriminate against African Americans, and after the court determined that the complaint contained some "meritless and vexatious claims" defendants were awarded $14,000 in reasonable attorneys' fees. McGee I at ECF No. 514 at 9-13. Though it is not entirely clear from the instant complaint, plaintiff appears to be referring to the County's ongoing efforts to collect those fees.

complaints, including several complaints alleging the same conspiracy to violate plaintiff's civil rights against several of the same defendants." ECF No. 28 at 23 (citing McGee I, IV, VI, VII, VIII, and X, as well as a case plaintiff removed from state court in which he was the defendant, Hildebrand v. McGee, 2:00-cv-01578 GEB DAD, which was remanded). Plaintiff goes on to state that in McGee X, the court stated that "many of the 153 defendants named in the fourth amended complaint have been named in one or more of plaintiff's previous actions before this court." Id. at 25.

Plaintiff's other cases in this district, those not clearly tied to the racist conspiracy theory, have been equally frivolous. Plaintiff twice removed unlawful detainer actions that were immediately remanded to state court (McGee VI and McGee VIII). Plaintiff twice filed cases styled as actions in habeas corpus that were dismissed at the outset because plaintiff was not in custody (McGee X and McGee VI). In 2004, plaintiff attempted to remove a state criminal case against him to this court (McGee IV), and when that case was summarily remanded, he filed a civil action alleging a vast racist conspiracy to violate his rights based on the criminal prosecution (McGee V).

Since McGee I, none of plaintiff's cases have successfully stated any claim for relief that passed beyond the pleading stage. Many defendants have been sued over and over in relation to identical or related matters. Because plaintiff typically pays the filing fee rather than seeking in forma pauperis status, his complaints are not screened by the court prior to service. Accordingly, defendants have been obliged to appear, to respond to the complaints, and to respond to plaintiff's frequent motions for temporary restraining orders, default judgment, summary judgment, and other miscellaneous relief, notwithstanding the apparent frivolity of those motions and plaintiff's claims. The substantial burden thus imposed on the court and on defendants, in the persistent absence of viable claims, highlights the vexatious and harassing nature of plaintiff's litigation history. The court therefore finds that Mr. McGee's previous filings, and his failure to heed warnings regarding the filing of frivolous lawsuits, weigh heavily in favor of limiting his ability to continue engaging in frivolous litigation. This record supports a substantive finding of vexatiousness. See Molski, 500 F.3d at 1059.

*(2) Mr. McGee's motive and the lack of objective good faith expectation of prevailing*

The gravamen of the instant case has been effectively rejected numerous times before, which suggests that plaintiff cannot have a reasonable, good faith expectation that he will prevail now. Plaintiff's 140-page operative Amended Complaint alleges that defendants "have adopted, implemented, maintained, promulgated, and executed a Policy of Discriminating Against African Americans on the Grounds of their Race in Law Enforcement Programs and Activities." ECF No. 28 at 7. As stated above, plaintiff acknowledges that this case is based on an ongoing race discrimination conspiracy theory that he has previously attempted to litigate without success. Id. ("[f]rom December 1993 until the present . . . each Defendant listed in this Complaint have been engaged in a vast racially motivated conspiracy to deprive Plaintiff and others of their rights secured by the Fourteenth Amendment of the United States Constitution . . . on the grounds of their race and color and solely on account they are African American (the racially motivated conspiracy[.]"). Plaintiff does not appear to view his litigation pattern as problematic. To the contrary, he appears to have been emboldened by his success in repeatedly haling his perceived enemies into federal court and is clearly committed to continuing his campaign against them.

As discussed in detail above, plaintiff's own filings make very clear that he is knowingly attempting to re-litigate many of the same claims against many of the same defendants he has unsuccessfully sued before. Although plaintiff has been repeatedly warned against pursing repetitive litigation, the contents of the currently pending amended complaint demonstrate that he has no intention of discontinuing this practice. His racial conspiracy lawsuits have been repeatedly rejected and plaintiff has been told that his conspiracy theories fail to state a cognizable claim for relief, yet he continues to file substantially similar actions against large numbers of defendants. It appears unlikely that a litigant in Mr. McGee's position could maintain a good–faith expectation of prevailing in his actions. See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff could not have had an "objective good

11

faith expectation of prevailing" on claims he had already been told were not cognizable).

The court will make no findings as to plaintiff's motive until it has the opportunity to consider his response to this order to show cause. However, the court notes that the litigation history appears to be objectively inconsistent with good faith.

*(3) Mr. McGee's lack of counsel*

In every one of the actions Mr. McGee has filed, he has proceeded pro se. Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Mr. McGee's abusive litigation tactics.

*(4) Mr. McGee has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel*

Mr. McGee's abusive litigation tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office must repeatedly scan and file his lengthy and frivolous complaints and motions, which judges in this court must review (and given his history, dismiss); the Clerk's office must then mail out these orders. Further, Mr. McGee has a habit of filing motions for temporary restraining orders, which forces the court to prioritize his frivolous and repetitive complaints. ECF No. 3 (denied at ECF No. 21), McGee I at ECF No. 11 (denied at ECF No. 186); McGee V at ECF No. 3 (denied at ECF No. 46); McGee VI at ECF No. 3 (denied at ECF No. 18); McGee VII at ECF No. 33 (denied at ECF No. 35); McGee IX at ECF Nos. 7 and 8 (denied at ECF No. 17); McGee XII at ECF No. 11 (denied at ECF No. 19); McGee XIII at ECF No. 5 (denied at ECF No. 18).

Additionally, Mr. McGee's specific litigation tactics impose excessive burdens on the entities and individuals that he sues, particularly those who are sued repeatedly. Mr. McGee's tendency to name a large number of defendants (often in the hundreds) prompts significant litigation in each case he files. See, e.g., McGee I (42 defendants and 514 docket entries); McGee III (88 named defendants and 108 Doe defendants, 33 docket entries due to denial of request to proceed in forma pauperis (ECF No. 36)); McGee VII (40 defendants and 100 docket entries); McGee IX (153 defendants and dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) screening); McGee XII (69 defendants, dismissed at the outset on grounds of claim

preclusion, res judicata, and improper joinder of defendants (ECF No. 17)); McGee XIII (7 defendants, dismissed without leave to amend in light of plaintiff's litigation history (ECF No. 59)). The present case involves 167 defendants and 194 docket entries, including 26 motions responsive to the complaint from various defendants. ECF Nos. 33, 52, 54, 55, 57, 59, 61, 65, 67, 68, 71, 83, 84, 87, 90, 92, 95, 98, 104, 106, 107, 108, 116, 148, 173, 180.

The City of Sacramento, which brings the present motion to declare petitioner a vexatious litigant, has been named as a defendant in at least five previous lawsuits on substantially similar grounds as those presented in this case. See McGee V; McGee VII; McGee XII; McGee XIII; McGee XIV. These lawsuits have also named a large and rotating cast of City departments, employees, and elected officials. All previous claims against the City and other City defendants have been dismissed as frivolous or unsupported by facts.

It is apparent that Mr. McGee has no intention of discontinuing his repeat litigation. Accordingly, unless the court halts Mr. McGee's actions, his abusive tactics will pose an unnecessary burden on other parties as well as the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

> *(5) Multiple judges in this district have attempted to institute alternative sanctions, but these have gone unheeded and have been inadequate to protect the courts and third parties.*

As set forth above, plaintiff has been repeatedly cautioned against filing repetitive litigation. Admonitions have had no effect. Dismissals of claims as frivolous, unsupported by facts, and barred by res judicata has had no effect. The undersigned concludes that the only way to end Mr. McGee's abusive and frivolous litigation is to consider a restrictive pre–filing order. See Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

////

### D. Narrowly Tailored Vexatious Litigant Order

Under the contemplated pre-filing order, Mr. McGee will not be permitted to initiate any new actions unless he submits alongside his complaint (1) a declaration under penalty of perjury explaining why he believes he has meritorious claims; (2) a declaration listing all previous actions he has filed in this court or any other court; identifying named defendants and all claims made in the previous actions; certifying as to the newly submitted case that the defendants have not been sued before or that any claims against previous defendants are not related to previous actions; stating that the current claims are not frivolous or made in bad faith; and declaring that he has conducted a reasonable investigation of the facts—an investigation which supports his claims; and (3) a cover page including the following words in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT IN CASE NO. 2:24-cv-00012-TLN AC PS."

Under the contemplated order, if a proposed filing does not contain all the above, the Clerk of the Court shall be directed to lodge (not file) it and the Court shall not review it. If plaintiff submits an action as a self-represented litigant accompanied by the documents described above, then the Clerk of the Court will be directed to open the matter as a miscellaneous case to be considered by the General Duty Judge of this Court. The General Duty Judge shall determine whether the case constitutes frivolous, repetitive, or otherwise barred litigation. If the General Duty Judge in his or her discretion determines that the proposed lawsuit is frivolous, repetitive, or otherwise barred, he or she will dismiss the action without comment pursuant to the contemplated pre-filing order.

The requirements of the contemplated prefiling order shall be waived if plaintiff's filing is made on his behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for plaintiff.

The court is also contemplating requiring Mr. McGee to submit substantial monetary security before service of process, barring him from use of the in forma pauperis motion under 28 U.S.C. § 1915(a)(1), and/or limiting the number of other motions he may file, pursuant to Local Rule 151(b) and Cal. Civ. Proc. Code § 391.

**ORDER**

Accordingly:

1. Plaintiff is hereby ORDERED to show cause in writing why he should not be declared a vexatious litigant under the Court's inherent powers and under California law, see Cal. Civ. Proc. Code § 391 and L.R. 151(b);

2. Plaintiff is hereby notified that under a vexatious litigant designation, a pre–filing order may be imposed, which may:

   a. require security be posted to maintain cases, see Cal. Civ. Proc. Code § 391.1 et seq.;

   b. restrict the filing of new cases via a pre-filing order, see Cal. Civ. Proc. Code § 391.7; and

   c. limit the number of motions plaintiff may maintain in a single case, including a limitation on his use of the in forma pauperis motion;

3. Plaintiff may submit a written response to this order on or before August 2, 2024;

4. The Clerk of the Court is directed to serve this Order on Mr. McGee at his listed address, and is further directed to serve him at the public counter when he next appears.

IT IS SO ORDERED.

DATED: July 1, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15