1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFERSON A. McGEE,                           No.  2:24-cv-0012 TLN AC PS

12                    Plaintiff,                     FINDINGS AND RECOMMENDATIONS TO
                                                     DISMISS WITH PREJUDICE AND TO
13            v.                                     DECLARE PLAINTIFF A VEXATIOUS
                                                     LITIGANT
14    THE STATE OF CALIFORNIA, et al.,

15                    Defendants.

16

17            Plaintiff is proceeding in this action in pro se and paid the filing fee, and the case was

18    accordingly referred to the undersigned for pretrial proceedings pursuant to Local Rule

19    302(c)(21).  Defendant City of Sacramento has moved for an order declaring plaintiff a vexatious

20    litigant.  ECF No. 98.  Finding that plaintiff has an extensive history of frivolous and repetitive

21    litigation in this district, the undersigned ordered plaintiff to show cause as to why he should not

22    be declared a vexatious litigant and subjected to pre-filing conditions. ECF No. 197.  Plaintiff was

23    advised that the contemplated vexatious litigant status would be made applicable to this case and

24    to each of plaintiff's future lawsuits.  Id.  Plaintiff was directed to respond by August 2, 2024.  Id.

25    Plaintiff responded to the order to show cause.  ECF No. 213.  All other action in this case has

26    been temporarily stayed pending the determination of plaintiff's vexatious litigant status.

27            After a thorough review of plaintiff's response to the order to show cause, the status of

28    this case, and plaintiff's litigation history, the undersigned RECOMMENDS that plaintiff be

                                                    1

1    declared a vexatious litigant subject to prefiling conditions.  The undersigned further

2    RECOMMENDS that if the recommendation is adopted, plaintiff be ordered to comply with the

3    prefiling conditions before proceeding with this case.

4        I.    **Overview**

5        On January 2, 2024, plaintiff filed the complaint in this action and paid the filing fee.

6    ECF No. 1.  As set forth more fully below, plaintiff Jefferson A. McGee is a serial litigant who

7    has received several warnings from judges of this court regarding the potential consequences of

8    bringing frivolous and repetitive lawsuits.  The resource burden imposed by plaintiff's litigation

9    history is not adequately captured by the mere number of frivolous actions he has filed, but also

10   arises from their sweeping scope.  For example, in this case plaintiff has named 167 private and

11   public defendants who have each been required to respond the complaint.  There are currently 27

12   motions pending in this case, 26 of which have been brought by defendants.  Considering Mr.

13   McGee's litigation history, which is detailed below, and his failure to show to show cause why

14   the court should not deem him a vexatious litigant and impose pre-filing conditions upon him

15   before he may proceed with this case or file any other lawsuits in this district, the undersigned

16   finds that plaintiff Jefferson A. McGee should be declared a vexatious litigant subject to the

17   prefiling conditions described below, and that the prefiling conditions should be applied to this

18   case before it is allowed to proceed.

19       II.   **Legal Standard**

20       The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue

21   pre-filing orders that restrict a litigant's ability to initiate court proceedings.  De Long v.

22   Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).  "[S]uch pre-filing orders are an extreme

23   remedy that should rarely be used."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057

24   (9th Cir. 2007).  However, "[f]lagrant abuse of the judicial process cannot be tolerated because it

25   enables one person to preempt the use of judicial time that properly could be used to consider the

26   meritorious claims of other litigants."  De Long, 912 F.2d at 1148.  Before entering a pre-filing

27   order, the court must: (1) give the litigant notice and a chance to be heard before the order is

28   entered; (2) compile an adequate record for review; (3) make substantive findings about the

1  frivolous or harassing nature of the plaintiff's litigation, and (4) narrowly tailor the vexatious

2  litigant order "to closely fit the specific vice encountered." Molski, 500 F.3d at 1057.

3        The first and second factors "are procedural considerations"; the third and fourth factors

4  "are substantive considerations" that help the district court "define who is, in fact, a 'vexatious

5  litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly

6  infringing the litigant's right to access the courts." Id. at 1057-58.  As to the substantive factors,

7  the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit

8  Court of Appeals) provide a helpful framework.  Ringgold-Lockhart v. County of Los Angeles,

9  761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058).  They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

18  Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

19        Additionally, the Eastern District has adopted California's "vexatious litigant" laws.  See

20  Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8).  These laws were "designed to

21  curb misuse of the court system by those persistent and obsessive litigants who, repeatedly

22  litigating the same issues through groundless actions, waste the time and resources of the court

23  system and other litigants."  Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011).  The vexatious–

24  litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary

25  sets of remedies."  Id. at 1171.  First, a plaintiff may be required to furnish security, meaning a

26  requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including

27  attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious

28  litigant."  Cal. Civ. Proc. Code § 391.  If the plaintiff fails to furnish the security, the action will

3

1    be dismissed.  Id.  Second, the court may impose a prefiling order that prevents a plaintiff from

2    filing any new case in propria persona.  Id. (citing Cal. Civ. Proc. Code § 391.7).

3    **III.   Analysis**

4        The undersigned concludes that Mr. McGee's litigation history demonstrates a pattern of

5    frivolous, repetitive, and harassing complaints that calls for him to be deemed a vexatious litigant.

6    See De Long, 912 F.2d at 1146.  The court has considered plaintiff's opposition and finds that he

7    does not show good cause to avoid a vexatious litigant order and that he should be subject to a

8    prefiling order.

9            A.  Plaintiff's Argument

10       Plaintiff asserts that he is not a vexatious litigant because he does not fit the definition

11   under California Code of Civil Procedure § 391(b).  That code defines a "vexatious litigant" as

12   follows:

13               (1) In the immediately preceding seven-year period has commenced,
                 prosecuted, or maintained in propria persona at least five litigations
14               other than in a small claims court that have been (i) finally
                 determined adversely to the person or (ii) unjustifiably permitted to
15               remain pending at least two years without having been brought to
                 trial or hearing.
16
                 (2) After a litigation has been finally determined against the person,
17               repeatedly relitigates or attempts to relitigate, in propria persona,
                 either (i) the validity of the determination against the same defendant
18               or defendants as to whom the litigation was finally determined or (ii)
                 the cause of action, claim, controversy, or any of the issues of fact or
19               law, determined or concluded by the final determination against the
                 same defendant or defendants as to whom the litigation was finally
20               determined.

21               (3) In any litigation while acting in propria persona, repeatedly files
                 unmeritorious motions, pleadings, or other papers, conducts
22               unnecessary discovery, or engages in other tactics that are frivolous
                 or solely intended to cause unnecessary delay. [. . .]
23

24   CCP § 391.  Plaintiff argues that he does not meet these criteria because in the immediately

25   preceding seven-year period he has only commenced two lawsuits against the City of

26   Sacramento, and in the past twenty years he has only commenced five.  ECF No. 213 at 4.

27   Plaintiff argues that his cases are not repetitive because they are based on "numerous different

28   incidents that took place from 1993 through present[.]"  Id. at 5.  It is clear, however, that plaintiff

1   misapprehends the meaning of "repetitive" in this context.

2        Each of plaintiff's cases, though they may include new allegations of discrimination, are –

3   as plaintiff readily admits – part of his ongoing claim of a vast conspiracy.  Plaintiff himself

4   explains he "has filed many cases against government officials alleging the government officials

5   have been depriving him of his civil rights from December 19, 1993 until present.  The City has

6   been involved in a conspiracy to deprive plaintiff of his civil rights for decades[.]"  Id. at 6.

7   Plaintiff's claims are repetitive, even if they each contain some unique allegations, because they

8   all relate to one ongoing alleged conspiracy that plaintiff has been litigating and relitigating for

9   over twenty years in this court.  Though plaintiff may subjectively believe his many lawsuits to be

10   unique, they are objectively and legally repetitive.  Plaintiff is therefore, at a minimum, a

11   vexatious litigant as defined by California Code of Civil Procedure § 391(b)(2).

12        The court now turns to the factors outlined in Molski, 500 F.3d at 1052.

13             B.  Notice and Opportunity to Be Heard

14        The first Molski factor, ensuring procedural due process, is satisfied where the court

15   notifies the litigant that it is considering a vexatious litigant order, provides details about the

16   scope of the proceedings, and allows for the litigant to respond to the court's concerns.  Ringgold-

17   Lockhart, 761 F.3d at 1063.  The Order to Show Cause provided notice to Mr. McGee that the

18   court is considering deeming him a vexatious litigant and is considering entering a comprehensive

19   pre-filing order that would apply to all future lawsuits.  ECF No. 197.  A full description of this

20   potential pre-filing order was presented in Section D of the order to show cause.  Id. at 14.  Mr.

21   McGee was provided the opportunity to explain in writing why he should not be declared a

22   vexatious litigant, and to state any objections he has to the contemplated terms of a pre-filing

23   order.  Plaintiff's response was submitted and considered in full.  ECF No. 213.

24             C.  Adequate Record for Review

25        Turning to the second Molski factor, the undersigned has reviewed the dockets related to

26   plaintiff's previous lawsuits in this court and lists those cases below.  "An adequate record for

27   review should include a listing of all the cases and motions that led the district court to conclude

28   that a vexatious litigant order was needed."  De Long, 912 F.2d at 1147; see also Ringgold-

Lockhart, 761 F.3d at 1063 (a district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order).

Plaintiff has filed at least 15 cases in this district, including the instant case.  All previous cases have been unsuccessful, and most of them involved large numbers of defendants and repeatedly-rejected allegations of vast conspiracies against plaintiff to violate his civil rights. Plaintiff's previous cases in this court, of which the undersigned takes judicial notice, are:

- McGee v. Craig, et al., 2:98-cv-1026 GEB DAD ("McGee I") (188-page complaint naming 200 defendants);

- People of the State of California v. McGee, 2:98-mc-0321 DFK PAN ("McGee II") (purported removal action, summarily remanded to state court);

- McGee v. Davis, 2:01-mc-00179 LKK PAN ("McGee III") (238-page complaint against 88 named defendants and 108 Doe defendants, summarily dismissed);

- McGee v. People of the State, et al., 2:04-cv-00283 GEB KJM ("McGee IV") (purported removal of a state criminal prosecution; summarily remanded);

- McGee v. Schwarzenegger, et al., 2:04-cv-2598 LKK DAD ("McGee V") (complaint against multiple state and local elected officials and government entities; dismissed on defendants' motions);

- McGee v. MMDD Sacramento Project, et al., 2:05-cv-00339 WBS DAD ("McGee VI") (purported removal of unlawful detainer action related to commercial property; remanded);

- McGee v. State Senate, 2:05-cv-02632 GEB EFB ("McGee VII") (complaint naming 40 government entities and elected officials; dismissed under Rules 8 and 12(b)(6));

- McGee v. Seagraves et al., 2:06-cv-00495 MCE GGH ("McGee VIII") (purportedly removed unlawful detainer action; remanded);

- McGee v. State of California, 2:09-cv-00740 GEB EFB ("McGee IX") (lawsuit against dozens of public entities and officials; dismissed);

- McGee v. Attorney General State of California, et al., 2:10-cv-00137 KJM ("McGee X")

(petition for writ of habeas corpus; summarily dismissed for lack of jurisdiction; appeal dismissed by Ninth Circuit as frivolous);

- <u>McGee v. Attorney General State of California, et al.</u>, 2:11-cv-02554 CMK ("<u>McGee XI</u>") (petition for writ of habeas corpus; summarily dismissed for lack of jurisdiction);

- <u>McGee v. State of California, et al.</u>, 2:14-cv-00823 JAM KJN ("<u>McGee XII</u>") (complaint naming 69 defendants, including multiple government entities, elected officials, and youth baseball organizations; dismissed);

- <u>McGee v. State of California, et al.</u>, 2:16-cv-01796 JAM EFB ("<u>McGee XIII</u>") (dismissed on defendants' motion; appeal dismissed by Ninth Circuit as frivolous);

- <u>McGee v. Airport Little League Baseball, Inc., et al.</u>, 2:21-cv-01654 DAD DB ("<u>McGee XIV</u>") (dismissed on defendants' motions).

The court is unaware of any case in which McGee has presented a successful claim. Nonetheless, because of plaintiff's habit of naming so many defendants, many of the cases have generated significant filings in the form of various defense motions, such as successful motions to dismiss and motions for a more definite statement.  Plaintiff also typically brings numerous motions for preliminary or miscellaneous relief, which are consistently denied.  In the present case, there are already 213 docket entries, including 27 pending motions.  ECF Nos. 33, 52, 54, 55, 57, 59, 61, 65, 67, 68, 71, 83, 84, 87, 90, 92, 95, 98, 104, 106, 107, 108, 116, 148, 173, 175, 180.  This volume of motion practice substantially enhances the burdens imposed by plaintiff's filings, as now discussed in greater detail.

In plaintiff's response to the order to show cause, he confirms his awareness of his own extensive litigation history in this court.  Plaintiff writes in his declaration, "I have filed at least 21 cases in this district including the instant case since 1998.  All of my previous cased have been filed because defendants have participated in a vast racially motivated conspiracy to deprive me of my rights[.]"  ECF No. 213 at 10.  Plaintiff notes that his "previous cases in this court have been dismissed for failure to state a claim pursuant to the Federal Rules of Civil Procedure Rules 8 or 12.  I filed the actions set out below because I wanted the defendants to: stop participating in the conspiracy; stop executing the policy; and stop intimidating and retaliating against me for

exercising and asserting my civil rights and I wanted to be made whole.  I have also requested

injunctive relief in this court on at least 11 separate occasions.  This Court has denied my request

for injunctive relief without ruling on the merits of my request." Id.  It is clear from plaintiff's

litigation history and his comments that his lawsuits are numerous and meritless.

D.   The Frivolous or Harassing Nature of Mr. McGee's Litigation

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to

make substantive findings as to the frivolous or harassing nature of the litigant's actions."  De

Long, 912 F.2d at 1148.  The Ninth Circuit has adopted the Second Circuit's framework on this

prong, which requires the court to consider the litigant's history, motives, representation by

counsel, as well as the expense to others or burdens on the court and the possibility of other

sanctions.  Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir, 792

F.2d at 24).  For the reasons now explained, the weight of these considerations supports a

substantive finding that Mr. McGee has engaged in frivolous and harassing behavior by filing the

lawsuits listed above.

*(1) Mr. McGee's history of vexatious, harassing lawsuits.*

Mr. McGee's filings, enumerated above, have been both numerous and uniformly

meritless.  The reasons for the dismissal of McGee's previous lawsuits show that his complaints

are routinely either repetitive, frivolous, harassing, or all of the above.  In his first case, McGee v.

Craig, the court summarized the suit as follows: "In a 188-page complaint filed June 3, 1998,

plaintiffs complain that more than 200 defendants, including the Governor of the State of

California, the State Attorney General, the Sacramento District Attorney, a newspaper, a school

district, little league baseball, and officers of state and local agencies, among others, conspired to

deny plaintiffs' civil rights."  McGee I at ECF No. 216.  That case was litigated to conclusion,

and plaintiff's overarching conspiracy claims were dismissed.  McGee I at ECF Nos. 182-185.[1]

---

[1]  Plaintiff's claims against the vast majority of defendants, and all conspiracy claims, were dismissed pre-trial.  See McGee I, ECF No. 217 (recommendation of magistrate judge for entry of judgment in favor of defendants who had previously succeeded on motions to dismiss).  The case proceeded to trial against five officers from the Sacramento County Sheriff's Department on claims arising from a limited set of facts.  See id. at ECF No. 430.  All claims against all (continued…)

1    Despite the fact that McGee I was litigated to conclusion and resulted in an adverse judgment

2    with preclusive effect, Mr. McGee continued to file lawsuits against large numbers of defendants,

3    many of whom were required to appear over and over again, based upon the same broad race

4    discrimination conspiracy claims.

5            Between McGee I and the case at bar, plaintiff has filed at least six lawsuits alleging a

6    vast racists conspiracy among large swaths of the private and public sectors.  See McGee III,

7    McGee VII, McGee IX, McGee XII, McGee XIII, McGee XIV.  The claims and defendants in

8    these cases were substantively the same, as often expressly acknowledged by plaintiff himself.

9    For example, in McGee XII, plaintiff sued a large number of defendants including the Governor

10   of the State of California, the State Attorney General, the Sacramento City Council, multiple little

11   league baseball organizations, the Doubletree Hotel, a property management company, and

12   multiple law firms.  McGee XII at ECF No. 1.  The complaint stated that "All wrongs complained

13   of in this compliant were committed against plaintiff pursuant to defendant's policy of

14   'Discriminating Against African American in Law Enforcement Programs and Activities,' (the

15   Policy) and for the purpose of implementing, maintaining, promulgating, and executing the

16   Policy."  Id. at 7.  Mr. McGee wrote that his case was part of an ongoing discrimination

17   conspiracy that had been in process since December 15, 1993, and he cited his own lawsuits

18   going back to McGee I.  Id. at 8-55.

19           McGee XII was before Magistrate Judge Kendall J. Newman, who summarized the case

20   by stating that the "claims are apparently based on numerous different incidents that allegedly

21   took place from approximately 1993-2014, including, but not limited to, exclusion from

22   participation in the affairs of Florin Little League Baseball, various hostile encounters with

23   different city and county law enforcement agencies, plaintiff's eviction from multiple properties

24   through unlawful detainer actions, certain debt collection activities undertaken against plaintiff,

25   the prosecution of criminal actions against plaintiff, interference with plaintiff's businesses and

26

27   ─────────────
     defendants were dismissed during trial on defendants' motions for judgment as a matter of law
     under Fed. R. Civ. P. 50.  Id. at ECF Nos. 488, 490, 492.  None of plaintiff's subsequent lawsuits
28   have progressed past the pleading stage.

liquor licenses for those businesses, an incident of racial discrimination at a hotel, and failure to protect plaintiff from a hostile neighbor." ECF No. 17 at 4.  Judge Newman went on to recommend dismissal of most of the defendants for improper joinder, finding that although "plaintiff asserts in conclusory fashion that all defendants acted as part of a vast racially motivated conspiracy, the above-mentioned incidents in plaintiff's complaint actually implicate different groups of defendants (from different governmental and private entities), and involve different events, different types of acts, different times, and different subject matter.  As such, plaintiff has improperly joined defendants in this action." Id. at 6.  Judge Newman then sua sponte recommended dismissal of the remainder of plaintiff's complaint on the grounds of claim preclusion and res judicata.  When discussing the claims against little league baseball, Judge Newman noted that plaintiff's complaint expressly referenced McGee I and found that "the claims in both the 1998 action and the present action (as narrowed) arise from the same transactional nucleus of facts concerning plaintiff's exclusion from participation in the affairs of' little league baseball.  ECF No. 17 at 8.

Judge Newman issued a clear warning to Mr. McGee about the potential consequences of repeatedly filing vexatious and frivolous lawsuits.  First, he wrote that "[a] review of the court's dockets indicates that plaintiff has filed over ten complaints, including several complaints alleging the same conspiracy to violate his civil rights against several of the same defendants." McGee IX at ECF No. 17 at 6.  Judge Newman then warned plaintiff as follows: *"Plaintiff is cautioned that any future assertion of claims barred by principles of claim preclusion and res judicata, or claims barred by the applicable statute of limitations, may result in the imposition of Rule 11 sanctions, the declaration of plaintiff as a vexatious litigant, and/or the imposition of any other appropriate sanctions*." Id. at 9 (emphasis in original).

Similar warnings were issued in multiple later cases.  In McGee XII, the court wrote, "Plaintiff is cautioned that any future assertion of claims barred by principles of claim preclusion and res judicata, or claims barred by the applicable statute of limitations, may result in the imposition of Rule 11 sanctions, the declaration of plaintiff as a vexatious litigant, and/or the imposition of any other appropriate sanctions." McGee XII at ECF No. 17 at 9.  In McGee XIII,

1    it was noted that "The instant case is one of many actions plaintiff has filed in this district, the

2    vast majority of which have been dismissed for failure to state a claim . . . These cases

3    demonstrate a history of plaintiff filing complaints that assert vague and general allegations of

4    discrimination without specific facts that could entitle him to relief on any particular cause of

5    action." McGee XIII at ECF No. 59 at 8.

6            Now before the court is McGee XV.  The case is reminiscent of the cases which preceded

7    it.  Plaintiff sues the Governor of the State of California, the State Attorney General, the City of

8    Sacramento, the Sacramento District Attorney, a newspaper editor, a school district, little league

9    baseball organizations, the Doubletree Hotel, and numerous officers of state and local agencies,

10   among others.  ECF No. 28 at 1-4.  Plaintiff alleges that "From December 1993 until the present

11   [the Elk Grove Unified School District] and each Defendant listed in the Complaint have been

12   engaged in a vast racially motivated conspiracy to deprive Plaintiff and others their rights secured

13   by the Fourteenth Amendment of the United States Constitution . . . on the grounds of their race

14   and color and solely on account they are African American (the racially  motivated

15   conspiracy)[.]"  Id. at 7.[2]  The Amended Complaint specifically acknowledges that the case

16   before the court today is part of a series of repetitive lawsuits.  Under the heading "History of the

17   Conspiracy" plaintiff writes, "Plaintiff has frequented this court on numerous occasions with his

18   *pro se* litigation.  A review of the court's dockets indicates that plaintiff has filed over ten

19   complaints, including several complaints alleging the same conspiracy to violate plaintiff's civil

20   rights against several of the same defendants."  ECF No. 28 at 23 (citing McGee I, IV, VI, VII,

21   VIII, and X, as well as a case plaintiff removed from state court in which he was the defendant,

22   Hildebrand v. McGee, 2:00-cv-01578 GEB DAD, which was remanded).  Plaintiff goes on to

23   _____

24   [2]  The court notes that as part of the case at bar, plaintiff alleges that defendants continue to
     discriminate against him and that the County of Sacramento is retaliating against him for trying to
25   collect $7,517 to "punish Plaintiff for taking action and participating in the action entitled McGee
     v. Wilson case no.  Civ-S-98-1026-FCD-PAN-PS."  Id. at 8-9.  In the action to which plaintiff
26   refers, McGee I, plaintiff asserted a similar vast conspiracy to discriminate against African
     Americans, and after the court determined that the complaint contained some "meritless and
27   vexatious claims" defendants were awarded $14,000 in reasonable attorneys' fees.  McGee I at
     ECF No. 514 at 9-13.  Though it is not entirely clear from the instant complaint, plaintiff appears
28   to be referring to the County's ongoing efforts to collect those fees.

1    state that in <u>McGee X</u>, the court stated that "many of the 153 defendants named in the fourth

2    amended complaint have been named in one or more of plaintiff's previous actions before this

3    court." <u>Id.</u> at 25.

4            Plaintiff's other cases in this district, those not clearly tied to the racist conspiracy theory,

5    have been equally frivolous.  Plaintiff twice removed unlawful detainer actions that were

6    immediately remanded to state court (<u>McGee VI</u> and <u>McGee VIII</u>).  Plaintiff twice filed cases

7    styled as actions in habeas corpus that were dismissed at the outset because plaintiff was not in

8    custody (<u>McGee X</u> and <u>McGee VI</u>).  In 2004, plaintiff attempted to remove a state criminal case

9    against him to this court (<u>McGee IV</u>), and when that case was summarily remanded, he filed a

10   civil action alleging a vast racist conspiracy to violate his rights based on the criminal prosecution

11   (<u>McGee V</u>).

12           Since <u>McGee I</u>, none of plaintiff's cases have successfully stated any claim for relief that

13   passed beyond the pleading stage.  Many defendants have been sued over and over in relation to

14   identical or related matters.  Because plaintiff typically pays the filing fee rather than seeking in

15   forma pauperis status, his complaints are not screened by the court prior to service.  Accordingly,

16   defendants have been obliged to appear, to respond to the complaints, and to respond to plaintiff's

17   frequent motions for temporary restraining orders, default judgment, summary judgment, and

18   other miscellaneous relief, notwithstanding the apparent frivolity of those motions and plaintiff's

19   claims.  The substantial burden thus imposed on the court and on defendants, in the persistent

20   absence of viable claims, highlights the vexatious and harassing nature of plaintiff's litigation

21   history.  The court therefore finds that Mr. McGee's previous filings, and his failure to heed

22   warnings regarding the filing of frivolous lawsuits, weigh heavily in favor of limiting his ability

23   to continue engaging in frivolous litigation.  This record supports a substantive finding of

24   vexatiousness.  <u>See Molski</u>, 500 F.3d at 1059.

25

26                  *(2) Mr. McGee's motive and the lack of objective good faith expectation of*
                    *prevailing*

27           The gravamen of the instant case has been effectively rejected numerous times before,

28   which suggests that plaintiff cannot have a reasonable, good faith expectation that he will prevail

                                                    12

1   now.  Plaintiff's 140-page operative Amended Complaint alleges that defendants "have adopted,

2   implemented, maintained, promulgated, and executed a Policy of Discriminating Against African

3   Americans on the Grounds of their Race in Law Enforcement Programs and Activities."  ECF No.

4   28 at 7.  As stated above, plaintiff acknowledges that this case is based on an ongoing race

5   discrimination conspiracy theory that he has previously attempted to litigate without success.  Id.

6   ("[f]rom December 1993 until the present . . . each Defendant listed in this Complaint have been

7   engaged in a vast racially motivated conspiracy to deprive Plaintiff and others of their rights

8   secured by the Fourteenth Amendment of the United States Constitution . . . on the grounds of

9   their race and color and solely on account they are African American (the racially motivated

10  conspiracy[.]").  Plaintiff does not appear to view his litigation pattern as problematic.  To the

11  contrary, he appears to have been emboldened by his success in repeatedly haling his perceived

12  enemies into federal court and is clearly committed to continuing his campaign against them.

13          As discussed in detail above, plaintiff's own filings—including his response to the Order

14  to Show Cause—make very clear that he is knowingly attempting to re-litigate many of the same

15  claims against many of the same defendants he has unsuccessfully sued before.  Although

16  plaintiff has been repeatedly warned against pursing repetitive litigation, the contents of the

17  currently pending amended complaint and his response to the OSC demonstrate that he has no

18  intention of discontinuing this practice.  His racial conspiracy lawsuits have been repeatedly

19  rejected and plaintiff has been told that his conspiracy theories fail to state a cognizable claim for

20  relief, yet he continues to file substantially similar actions against large numbers of defendants.  It

21  appears unlikely that a litigant in Mr. McGee's position could maintain a good–faith expectation

22  of prevailing in his actions.  See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16,

23  2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee

24  declared a vexatious litigant after bringing numerous cases alleging the same constitutional

25  "violations;" the court found Plaintiff could not have had an "objective good faith expectation of

26  prevailing" on claims he had already been told were not cognizable).

27          Although the undersigned makes no findings regarding Mr. McGee's own subjective

28  beliefs about his ability to prevail in his repetitive litigation, he cannot possibly maintain an

13

objective good-faith expectation of prevailing in the face of the numerous dismissal and warnings from the court he has received, discussed in detail above.  Plaintiff's litigation history, which he acknowledges involves at least 21 cases in this court based on the same vast conspiracy allegations (ECF No. 213 at 10), is objectively inconsistent with good faith.  From McGee I, in which plaintiff "sought redress from 201 participants in the conspiracy" to the case before the court today, in which plaintiff "filed the 188-page complaint because defendants were engaged in a vast conspiracy to deprive me of my civil rights" (ECF No. 213 at 11), plaintiff has repeatedly burdened this court with repetitive litigation in which he could have no reasonable expectation of prevailing.

### (3) Mr. McGee's lack of counsel

In every one of the actions Mr. McGee has filed, he has proceeded pro se.  Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Mr. McGee's abusive litigation tactics.

### (4) Mr. McGee has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel

Mr. McGee's abusive litigation tactics have imposed an unnecessary burden on the personnel of this court.  Employees in the Clerk's office must repeatedly scan and file his lengthy and frivolous complaints and motions, which judges in this court must review (and given his history, dismiss).  The Clerk's office must then mail out these orders.  Further, Mr. McGee has a habit of filing motions for temporary restraining orders, which forces the court to prioritize his frivolous and repetitive complaints.  ECF No. 3 (denied at ECF No. 21), McGee I at ECF No. 11 (denied at ECF No. 186); McGee V at ECF No. 3 (denied at ECF No. 46); McGee VI at ECF No. 3 (denied at ECF No. 18); McGee VII at ECF No. 33 (denied at ECF No. 35); McGee IX at ECF Nos. 7 and 8 (denied at ECF No. 17); McGee XII at ECF No. 11 (denied at ECF No. 19); McGee XIII at ECF No. 5 (denied at ECF No. 18).

Additionally, Mr. McGee's specific litigation tactics impose excessive burdens on the entities and individuals that he sues, particularly those who are sued repeatedly.  Mr. McGee's tendency to name a large number of defendants (often in the hundreds) prompts significant

litigation in each case he files.  See, e.g., McGee I (42 defendants and 514 docket entries); McGee III (88 named defendants and 108 Doe defendants, 33 docket entries due to denial of request to proceed in forma pauperis (ECF No. 36)); McGee VII (40 defendants and 100 docket entries); McGee IX (153 defendants and dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) screening); McGee XII (69 defendants, dismissed at the outset on grounds of claim preclusion, res judicata, and improper joinder of defendants (ECF No. 17)); McGee XIII (7 defendants, dismissed without leave to amend in light of plaintiff's litigation history (ECF No. 59)).  The present case involves 167 defendants and 213 docket entries as of August 7, 2024, including 26 motions responsive to the complaint from various defendants.  ECF Nos. 33, 52, 54, 55, 57, 59, 61, 65, 67, 68, 71, 83, 84, 87, 90, 92, 95, 98, 104, 106, 107, 108, 116, 148, 173, 180.

The City of Sacramento, which brings the present motion to declare petitioner a vexatious litigant, has been named as a defendant in at least five previous lawsuits on substantially similar grounds as those presented in this case.  See McGee V; McGee VII; McGee XII; McGee XIII; McGee XIV.  These lawsuits have also named a large and rotating cast of City departments, employees, and elected officials.  All previous claims against the City and other City defendants have been dismissed as frivolous or unsupported by facts.

It is apparent that Mr. McGee has no intention of discontinuing his repeat litigation.  Accordingly, unless the court halts Mr. McGee's actions, his abusive tactics will pose an unnecessary burden on other parties as well as the court and its personnel.  See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

*(5) Multiple judges in this district have attempted to institute alternative sanctions, but these have gone unheeded and have been inadequate to protect the courts and third parties.*

As set forth above, plaintiff has been repeatedly cautioned against filing repetitive litigation.  Admonitions have had no effect.  Dismissals of claims as frivolous, unsupported by facts, and barred by res judicata has had no effect.  The undersigned concludes that the only way

1    to end Mr. McGee's abusive and frivolous litigation is to consider a restrictive pre–filing order.

2    See Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this

3    court's prior warnings regarding the manner in which he has conducted this litigation, the need

4    for a carefully circumscribed pre-filing order is readily apparent.").

5    **IV.    Narrowly Tailored Vexatious Litigant Order**

6        In Molski, the Ninth Circuit approved the scope of a vexatious litigant order because it

7    prevented the plaintiff from filing "only the type of claims [he] had been filing vexatiously," and

8    "because it will not deny [him] access to courts on any . . . claim that is not frivolous." Molski,

9    500 F.3d at 1061. Here, to prevent the types of claims plaintiff has been filing vexatiously, the

10   undersigned recommends the following pre–filing order:

11       (a) Plaintiff is barred from use of the in forma pauperis motion under 28 U.S.C. §

12           1915(a)(1) in the United States District Court for the Eastern District of California;

13       (b) Any future filing, of any kind, by plaintiff in the United States District Court for the

14           Eastern District of California shall include a cover page including the following words

15           in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN

16           DECLARED A VEXATIOUS LITIGANT IN CASE NO. 2:24-cv-00012-TLN AC

17           PS;"

18       (c) Any future filing, of any kind, by plaintiff in the United States District Court for the

19           Eastern District of California shall include a declaration under penalty of perjury

20           explaining why plaintiff believes he has meritorious claims;

21       (d) Any future filing, of any kind, by plaintiff in the United States District Court for the

22           Eastern District of California shall include a declaration listing all previous actions he

23           has filed in this court or any other court; identifying named defendants and all claims

24           made in the previous actions; certifying as to the newly submitted case that the

25           defendants have not been sued before or that any claims against previous defendants

26           are not related to previous actions; stating that the current claims are not frivolous or

27           made in bad faith; and declaring that he has conducted a reasonable investigation of

28           the facts—an investigation which supports his claims;

16

1     (e) The requirements of (b) through (d), above, shall be waived if plaintiff's filing is made

2         on his behalf by a licensed attorney at law in good standing who signs the filing as the

3         attorney of record for plaintiff;

4     (f) If a proposed filing by plaintiff appearing as a self-represented litigant does not

5         contain all the above, the Clerk of the Court shall be directed to lodge (not file) it and

6         the Court shall not review it.  If plaintiff submits an action as a self-represented

7         litigant accompanied by the documents described above, then the Clerk of the Court

8         will be directed to open the matter as a miscellaneous case to be considered by the

9         General Duty Judge of this Court.  The General Duty Judge shall determine whether

10        the case constitutes frivolous, repetitive, or otherwise barred litigation.  If the General

11        Duty Judge in his or her discretion determines that the proposed lawsuit is frivolous,

12        repetitive, or otherwise barred, he or she will dismiss the action without comment

13        pursuant to the contemplated pre-filing order.

14  The undersigned finds the scope of this order narrow enough to still allow plaintiff access to the

15  courts, but broad enough to cover—and halt—his vexatious behavior.  Molski, 500 F.3d at 1061

16     **V.   Findings and Recommendations**

17     Accordingly, it is hereby RECOMMENDED that plaintiff Jefferson A. McGee be

18  declared a vexatious litigant in the U.S. District Court for the Eastern District of California and be

19  held subject to the pre-filing order described in Section IV above.  The court further

20  RECOMMENDS that this action be held subject to the pre-filing order and that plaintiff be

21  required to comply with its provisions within 30 days.

22     These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

27  shall be served on all parties and filed with the court within fourteen (14) days after service of the

28  objections.  The parties are advised that failure to file objections within the specified time may

1    waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

2    Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3         IT IS SO ORDERED.

4    DATED: August 7, 2024

5

6    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28